890 P.2d 1214

STATE of Idaho, Plaintiff–Respondent,

v.

Benjamin Arlo JONES, Defendant–
Appellant.

No. 20652.

Court of Appeals of Idaho.

March 2, 1995.

Cox, Ohman & Brandstetter, Idaho Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PERRY, Judge.

Benjamin Jones stands convicted of one count of possession with intent to deliver marijuana. I.C. § 37–2732(a)(1)(B). Jones entered a conditional plea of guilty, pursuant to Idaho Criminal Rule 11(d)(1)(A) and (D), preserving his right to appeal the district court's order denying his motion to suppress. For the reasons stated below, we affirm the denial of Jones's suppression motion and the judgment of conviction.

The facts which led to the charges against Jones are as follows. On April 24, 1992, Jones was at the home of his sister and brother-in-law, Ruby Jones and Harry Burke, when the Idaho Falls police arrived to execute a warrant to search the house for evidence of drug use. The police gathered all of the people at the house into the living room and proceeded with a room-by-room search. After approximately one-half hour, detective Lawrence called Jones into one of the bedrooms to ask him whether he had any knowledge of drug use by Burke and where Burke might keep drugs in the house. Jones denied any use of drugs by Burke. Detec-

tive Lawrence then asked about the green station wagon parked outside, which had been identified as belonging to Jones. Detective Lawrence indicated that the police wanted to search the vehicle and requested consent from Jones. A few minutes later, detective Lawrence led Jones back to the living room, spoke to detective Brown and advised him that Jones had given his consent to search the vehicle. Detective Brown went out to the vehicle but found it locked and returned to the house to get the keys. Upon receiving the keys, the police conducted a search of the vehicle. Detective Brown discovered marijuana in the vehicle and Jones was placed under arrest.

Jones filed a motion in the district court to suppress the evidence obtained in the search of his vehicle. Jones alleged that the marijuana was seized as a result of an illegal search. He asserted that the search of his vehicle was not authorized under the warrant to search Burke's home. Jones also asserted that the warrantless search of his vehicle was conducted without his consent and in violation of his rights under the Fourth Amendment of the United States Constitution and Article I, § 17 of the Idaho Constitution.

At the hearing on the suppression motion, Jones related the facts concerning his interview with detective Lawrence which led to the search of his vehicle. His testimony, however, was diametrically opposed to the account of the facts provided by detective Lawrence and verified by detective Brown, who claimed to have been stationed in the hall just outside the bedroom in a position where he could overhear the conversation between detective Lawrence and Jones.

The detectives testified that Jones was told that the police wanted to search his vehicle and that, after being advised of his right to withhold consent, Jones told the officers to go ahead and search the vehicle. Upon finding the vehicle locked, the detectives testified that Jones indicated the keys were in the kitchen and proceeded to retrieve them for the police. The detectives stated that Jones never objected in any way to the search being conducted.

During his testimony, Jones denied that he had given consent to search the vehicle. He testified, however, that once out of the bedroom, detective Lawrence told detective Brown that they had been given permission to search the vehicle. Jones also testified that he had identified his keys in response to the detective's question, but had not handed them to an officer. Ruby Jones testified that, after detective Lawrence had indicated they had permission to search the vehicle, she asked Jones whether he had given his consent, to which he replied, "Hell, no."

By order dated December 15, 1992, the district court ruled that the testimony of the state's witnesses was more plausible than that of the witnesses for the defense. The district court found that the testimony constituted clear and convincing evidence that Jones had consented to a search of his vehicle. The district court denied Jones's motion to suppress.

At suppression hearings, the burden of proof is upon the state to show, by a preponderance of the evidence, that a consent to search was given freely and voluntarily. *United States v. Matlock*, 415 U.S. 164, 177, 94 S.Ct. 988, 996, 39 L.Ed.2d 242 (1974); *United States v. O'Looney*, 544 F.2d 385 (9th Cir.1976), *cert. denied*, 429 U.S. 1023, 97 S.Ct. 642, 50 L.Ed.2d 625 (1976); *State v. Aitken*, 121 Idaho 783, 784, 828 P.2d 346, 347 (Ct.App.1992). We conclude, therefore, that the district court erred in applying the clear and convincing standard, because the proper standard of proof is one of preponderance. *See State v. Whiteley*, 124 Idaho 261, 858 P.2d 800 (Ct.App.1993); *State v. Aitken, supra*. This error, however, is not determinative.

■ A trial court's decision on a motion to suppress presents mixed questions of law and fact. *State v. McAfee*, 116 Idaho 1007, 783 P.2d 874 (Ct.App.1989); *State v. Jones*, 115 Idaho 1029, 772 P.2d 236 (Ct.App.1989). On appeal, we defer to the trial court's findings of fact if they are supported by the evidence. *Id.* However, we freely review the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Id.*

■ Jones raises essentially two issues on appeal, challenging not the district court's

finding that consent was given, but the validity of the consent. First, Jones contends that, even if the district court's finding of consent is correct, the consent followed an illegal seizure—the seclusion of Jones in the bedroom by detective Lawrence—thereby vitiating the consent. This assertion, however, was never presented to the lower court and cannot be asserted for the first time on appeal. *See State v. Doe*, 123 Idaho 370, 848 P.2d 428 (1993); *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992). Therefore, we will not address it. Second, Jones asserts that the district court erred in denying the motion to suppress because the district court failed to ascertain the validity of consent, which was a prerequisite to ruling on the motion.

■ We recognize that a valid consent dispels the necessity for a search warrant, *see State v. Rusho*, 110 Idaho 556, 560, 716 P.2d 1328, 1332 (Ct.App.1986), where such consent is knowing and voluntary. *See State v. Harwood*, 94 Idaho 615, 618, 495 P.2d 160, 163 (1972). "The consent may be in the form of words, gesture, or conduct." *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App.1991), *quoting United States v. Griffin*, 530 F.2d 739, 742 (7th Cir.1976). In any case, the consent must be voluntarily given and be based on the totality of the circumstances. *Id., citing Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

■ Jones argues that the state failed to prove that the consent was voluntary, therefore precluding any finding by the district court that the consent was valid. Because the district court did not make explicit findings of fact on the voluntariness of the consent, this Court will examine the record to determine the implicit findings that underlie the lower court's determination and uphold those findings if they are supported by the evidence. *State v. Kirkwood*, 111 Idaho 623, 627, 726 P.2d 735, 739 (1986); *State v. Zubi-zareta*, 122 Idaho 823, 826, 839 P.2d 1237, 1240 (Ct.App.1992).

The United States Supreme Court has held that:

Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent.

*Schneckloth v. Bustamonte*, 412 U.S. at 248–49, 93 S.Ct. at 2059. There is evidence in the record which would support a finding that Jones's consent was not obtained through coercive measures or intimidating tactics by the police. There is also evidence that Jones voiced no objections to the search when he heard detective Lawrence tell detective Brown that they had Jones's permission to search the vehicle. Further, there is evidence that Jones obtained the keys and gave them to the officers. Accordingly, there is substantial, though conflicting, evidence to support the ruling of the district court under the proper standard of proof. We cannot say that the district court's implicit finding of voluntariness was clearly erroneous.

We conclude therefore that Jones's consent to search was constitutionally valid and that the evidence discovered in the vehicle as a result of the search was lawfully seized. We affirm the order denying the motion to suppress and the judgment of conviction.

WALTERS, C.J., and LANSING, J., concur.