**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 34977**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 616 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 26, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THERESE A. LOPEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. John H. Bradbury, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Therese A. Lopez entered a conditional guilty plea to possession of a controlled substance, Idaho Code § 37-2732, reserving her right to appeal the denial of her motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2006, Officer Wilson stopped Lopez for speeding on U.S. 95 in Riggins, Idaho. Lopez did not provide a driver's license and, rather than a registration, she provided a car rental agreement with another person's name listed as the authorized driver. After some questioning, Officer Wilson asked if he could search the vehicle. Lopez agreed to the search. A glass pipe containing a white crystallized substance was found in the vehicle, and Officer Wilson arrested Lopez for possession of a controlled substance. In addition, next to where Lopez was

1

standing outside the vehicle, Officer Wilson found a tin containing a baggie of methamphetamine.

Lopez was charged with possession of a controlled substance, I.C. § 37-2732; possession of drug paraphernalia, I.C. § 37-2734A(1); and driving without privileges, I.C. § 18-8001(1). She moved to suppress the evidence discovered during the search of the vehicle and the tin container. The district court denied the motion to suppress. Pursuant to a plea agreement, Lopez entered a conditional plea of guilty to possession of a controlled substance and reserved her right to challenge the denial of the motion to suppress. The State dismissed the remaining two charges. Lopez appeals.

## II.

## DISCUSSION

Lopez argues that her consent to search the vehicle was coerced and the evidence obtained from the search should have been suppressed. She also contends that the evidence seized from the tin container was a result of the illegal vehicle search and must also be suppressed. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

When the State's justification for a warrantless search is that the defendant gave consent, the State must prove by a preponderance of the evidence that the consent was voluntary rather than the result of duress or coercion, direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). We stated the applicable analysis in *State v. Jaborra*, 143 Idaho 94, 137 P.3d 481 (Ct. App. 2006):

> The Fourth Amendment to the United States Constitution prohibits unreasonable searches. A search conducted by law enforcement officers without a warrant is per se unreasonable unless the State shows that it fell within one of the narrowly drawn exceptions to the warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *State v. Dominguez,* 137 Idaho 681, 683, 52 P.3d 325, 327 (Ct. App. 2002). A search conducted with consent that was

2

voluntarily given is one such exception. *Schneckloth,* 412 U.S. at 219; *Dominguez,* 137 Idaho at 683, 52 P.3d at 327. It is the State's burden to prove, by a preponderance of the evidence, that the consent was voluntary rather than the result of duress or coercion, direct or implied. *Schneckloth,* 412 U.S. at 221; *State v. Hansen,* 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003); *State v. Fleenor,* 133 Idaho 552, 554, 989 P.2d 784, 786 (Ct. App. 1999); *Dominguez,* 137 Idaho at 683, 52 P.3d at 327. A voluntary decision is one that is "the product of an essentially free and unconstrained choice by its maker." *Schneckloth,* 412 U.S. at 225. *See also Culombe v. Connecticut,* 367 U.S. 568, 602 (1961). An individual's consent is involuntary, on the other hand, "if his will has been overborne and his capacity for self-determination critically impaired." *Id.* In determining whether a subject's will was overborne in a particular case, the court must assess "the totality of all the surrounding circumstances-both the characteristics of the accused and the details of the interrogation." *Schneckloth,* 412 U.S. at 226. Thus, whether consent was granted voluntarily, or was a product of coercion, is a factual determination to be based upon the surrounding circumstances, accounting for subtly coercive police questions and the possibly vulnerable subjective state of the party granting the consent to a search. *Id.* at 229; *Hansen,* 138 Idaho at 796, 69 P.3d at 1057; *Dominguez,* 137 Idaho at 683, 52 P.3d at 327.

A determination of voluntariness does not turn "on the presence or the absence of a single controlling criterion." *Schneckloth,* 412 U.S. at 226. Factors to be considered include whether there were numerous officers involved in the confrontation, *Castellon v. United States,* 864 A.2d 141, 155 (D.C. 2004); *United States v. Jones,* 846 F.2d 358, 361 (6th Cir. 1988); the location and conditions of the consent, including whether it was at night, *United States v. Mapp,* 476 F.2d 67, 77-78 (2d Cir. 1973); whether the police retained the individual's identification, *United States v. Chemaly,* 741 F.2d 1346, 1353 (11th Cir. 1984); whether the individual was free to leave, *Ohio v. Robinette,* 519 U.S. 33, 39-40 (1996); *Chemaly,* 741 F.2d at 1353; *State v. Gutierrez,* 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002); and whether the individual knew of his right to refuse consent, *Schneckloth,* 412 U.S. at 248-49; *Chemaly,* 741 F.2d at 1353; *State v. Jones,* 126 Idaho 791, 793, 890 P.2d 1214, 1216 (Ct. App. 1995). Although the presence of multiple police officers does not, standing alone, establish coercion, and there is no requirement that police inform the individual that he is free to leave or that he has a right to refuse consent, these factors are nevertheless relevant when viewing the totality of the circumstances. *See Robinette,* 519 U.S. at 39-40; *Schneckloth,* 412 U.S. at 248; *Jones,* 846 F.2d at 361; *Chemaly,* 741 F.2d at 1353; *Castellon,* 864 A.2d at 155; *Gutierrez,* 137 Idaho at 651, 51 P.3d at 465; *Jones,* 126 Idaho at 793, 890 P.2d at 1216.

The trial court is the proper forum for the "careful sifting of the unique facts and circumstances of each case" necessary in determining voluntariness. *Schneckloth,* 412 U.S. at 233. Even though the evidence may be equivocal and somewhat in dispute, if the trial court's finding of fact is based on reasonable inferences that may be drawn from the record, it will not be disturbed on appeal. *State v. Post,* 98 Idaho 834, 837, 573 P.2d 153, 156 (1978), *overruled on other grounds, State v. Bottelson,* 102 Idaho 90, 625 P.2d 1093 (1981). In short,

> whether a consent to a search was voluntary is a question of fact, and our standard of review requires that we accept a trial court's factual findings unless they are clearly erroneous. *Hansen,* 138 Idaho at 795, 69 P.3d at 1056; *State v. McCall,* 135 Idaho 885, 886, 26 P.3d 1222, 1223 (2001). Findings will not be deemed clearly erroneous if they are supported by substantial evidence in the record. *State v. Benson,* 133 Idaho 152, 155, 983 P.2d 225, 228 (Ct. App. 1999).

*Id*. at 97-98, 137 P.3d at 484-85.

At approximately 12:20 a.m., Officer Wilson stopped Lopez for speeding. As he exited his patrol car, he observed Lopez making furtive movements. He requested Lopez to provide her license and registration. Officer Wilson found it suspicious that Lopez stated she must have lost her license at a previous stop, but made no attempt to look for her license. By using her name and birth date, he was able to discover her California license had been suspended. Also, rather than providing registration for the vehicle, Lopez gave Officer Wilson a car rental agreement with another person's name listed as the authorized driver.[1]

Officer Wilson decided to investigate further and asked Lopez to step out of the vehicle to talk with him. Lopez explained she was returning from visiting her father in California, but also stated she did not know her license had been suspended in California because she had not been there in awhile. Officer Wilson found her answers suspicious, asked her if there was anything illegal in the vehicle, and asked her if she would mind if he performed a search of the vehicle. She agreed to the search.

In the center console of the vehicle, Officer Wilson located Lopez's wallet containing her driver's license and he also found a pipe used for smoking methamphetamine. Officer Wilson then arrested Lopez for possession of a controlled substance, handcuffed her, and placed her in his patrol car. After resuming his search of the vehicle, he found a baggie, a scale, and another pipe all containing methamphetamine residue.

Prior to searching the vehicle, Officer Wilson instructed Lopez to stand on the sidewalk in front of the vehicle while he performed the search. During the search, he noticed that Lopez had moved off of the sidewalk and onto the grass. After he arrested Lopez and finished searching the vehicle, Officer Wilson searched the area of grass where Lopez was standing.

---

[1] The authorized driver testified at the suppression hearing that he gave Lopez permission to drive the rental car from Lewiston to California and back to visit her father. Therefore, the State did not dispute that Lopez had a reasonable expectation of privacy in the rental car.

There he located a small tin container, inside of which was a baggie containing methamphetamines. Lopez denied that the container belonged to her.

Lopez argues the evidence found in the vehicle should be suppressed because her consent was coerced and not voluntary. Lopez concedes the traffic stop was lawful and she gave consent to the search. She does not contend on appeal the stop was unreasonably extended. In support of her coercion argument, Lopez points out that it was late at night, there was not much traffic in the area, she was not free to leave, and the patrol car's lights were flashing. Lopez argues that the police video of the stop shows her to be nervous and upset. Contrary to Lopez's assertion, the district court found "Ms. Lopez did not appear frightened or even particularly upset." Lopez agrees with the district court's finding that Officer Wilson did not question her in a menacing or inappropriate manner. The district court found that the request to search was "polite in content and civil in tone." The district court stated that there was no indication of improper pressure. Though it was nighttime, the stop occurred in Riggins and not a remote area. Only one officer was on the scene and while Lopez was not free to leave, the fact that an individual giving consent is the subject of an investigative detention, although a relevant consideration, does not itself demonstrate coerced consent. *State v. Holcomb*, 128 Idaho 296, 302-03, 912 P.2d 664, 670-71 (Ct. App. 1995). The district court found Lopez's consent was voluntary and not coerced. The district court's findings are supported by substantial and competent evidence in the record and are not clearly erroneous.

Lopez also argues that the discovery of the tin container should be suppressed because it was only discovered as a consequence of the illegal search of the vehicle. The State argues Lopez abandoned the tin container and lost any reasonable expectation of privacy in the container. Because this Court concludes the consent to search the vehicle was voluntary and legal, these arguments need not be addressed.

## III.

## CONCLUSION

Substantial and competent evidence supports the district court's denial of the motion to suppress. Thus, the district court's denial of Lopez's motion to suppress is affirmed.

Chief Judge LANSING and Judge GUTIERREZ, **CONCUR.**

5