IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 49381

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 2, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAMES STEVEN HORN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

James Steven Horn appeals from his judgment of conviction for possession of a controlled substance. Horn argues the district court's finding that Horn voluntarily consented to the search of his car was clearly erroneous under the totality of the circumstances. Despite Horn's claim of implied coercion, substantial evidence supports the district court's finding that Horn voluntarily consented to the search. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2020, Officer Gilliam responded to a noise complaint involving a vehicle revving its engine in the parking lot of an apartment complex. Officer Gilliam identified the reported vehicle, a gray SUV, along with a second vehicle, both idling in the parking lot. Officer Gilliam asked both drivers to exit their vehicles and they complied. Horn was driving the gray

1

SUV. Officer Gilliam explained the noise complaint, asked where they lived, and requested their identification. At this point, a second officer arrived as assistance. The second officer exited his vehicle and stood near the encounter to observe. Neither patrol vehicles' lights were activated, nor were Horn or his companion handcuffed.

Officer Gilliam asked Horn and his companion if they were on probation or parole, to which both responded they were on parole. Horn explained he was on parole for possession with intent. Officer Gilliam then returned to his patrol vehicle with their identifications, ran their names through dispatch, and confirmed their criminal records. Officer Gilliam also ran the license plate number on Horn's vehicle. Officer Gilliam walked back to Horn and his companion and said, "You guys are both on probation.[1] Mind if I take a quick look in your car, for anything illegal?" Horn and his companion queried why a search was necessary for a noise complaint. Thereafter, Officer Gilliam explained again that he stopped them both for loitering. A back-and-forth conversation about loitering continued between Officer Gilliam and the companion. Officer Gilliam then transitioned back to the search request stating, "I'm just asking you guys a question." Horn's companion responded, "I'd rather you not." Horn remained quiet.

Officer Gilliam then pointed to the companion and said, "Okay, you're on probation right? Did you sign a Fourth waiver?" The companion responded, "So if that's the case, why are you even asking me?" Officer Gilliam explained, "Because it's the right thing to do, right? It's a courtesy, a respect thing." The companion interjects, "Well if you're just going to do it either way then . . . ." Officer Gilliam interrupts and again says, "I'm just asking . . . ." At this point, Horn stated, "I . . . I just don't . . . obviously you can . . . I just don't . . . ." Officer Gilliam confirms with Horn, "do you care?" and Horn responded, "yeah, I don't care." Officer Gilliam thereafter searched Horn's car and discovered a 9 mm pistol, heroin, methamphetamine, and drug paraphernalia.

The State charged Horn with two felony counts of possession of a controlled substance, Idaho Code § 37-2732(c)(1); one felony count of unlawful possession of a firearm, I.C. § 18-3316(1); and one misdemeanor count of possession of drug paraphernalia, I.C. § 37-2734A(1). An Information Part II alleged that Horn is a persistent violator, I.C. § 19-2514. Horn filed a motion to suppress, arguing Officer Gilliam illegally extended the duration of the stop causing the

---

[1] The officer's references to probation appears to be a mistaken reference, as both Horn and his companion were on parole.

detention and search to be unlawful. The district court held a suppression hearing. Officer Gilliam was the only witness to testify at the hearing and his body camera footage was admitted as evidence. The district court issued an order denying the motion to suppress. The district court found Horn's Fourth Amendment waiver did not justify the search because there was not substantial evidence that Officer Gilliam had knowledge Horn signed a Fourth Amendment waiver as a requirement of his parole. Next, the district court found Horn validly consented to the search and that the request to search was not an unlawful extension of the stop. Horn entered a conditional guilty plea to two counts of felony possession of a controlled substance, reserving his right to appeal the denial of his suppression motion. Horn timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Horn argues the district court erred when it found his consent was voluntary because Horn's consent was premised on Officer Gilliam's coercive implication that he had the authority to conduct a warrantless search as a result of Horn's Fourth Amendment waiver--irrespective of Horn's consent. The State first argues Horn did not preserve his argument for appeal. Next, the State argues Horn's consent was voluntary and, in the alternative, the district court erred when it determined there was inadequate evidence of a Fourth Amendment waiver.

We first address the State's argument that Horn did not preserve his argument for appeal. A party preserves an issue for appeal either by properly presenting the issue with argument and authority to the trial court and noticing it for hearing; or alternatively, an issue is preserved if the trial court issues an adverse ruling. *State v. Miramontes*, 170 Idaho 920, 924-25, 517 P.3d 849,

853-54 (2022). Here, Horn's counsel briefly argued during the suppression hearing that "the issue of consent is a little more complicated given the kind of interrogation that takes place. [Horn] initially denies the officer consent and then I would say eventually acquiesces." Thus, Horn provided some argument at the time that the issue was raised in the trial court. Moreover, the district court decided the validity of the consent issue. Under the circumstances, we hold that the consent issue is sufficiently preserved for appeal.

Horn contends his consent to search was the result of coercion. Although a warrantless entry or search of a residence is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). A voluntary decision is one that is "the product of an essentially free and unconstrained choice by its maker." *Schneckloth*, 412 U.S. at 225; s*ee also Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). An individual's consent is involuntary, on the other hand, "if his will has been overborne and his capacity for self-determination critically impaired." *Schneckloth*, 412 U.S. at 225. The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Thus, whether consent was granted voluntarily, or was a product of coercion, is a factual determination to be based upon the surrounding circumstances, accounting for subtly coercive police questions and the possibly vulnerable subjective state of the party granting the consent to a search. *Schneckloth*, 412 U.S. at 229; *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003); *State v. Dominguez*, 137 Idaho 681, 683, 52 P.3d 325, 327 (Ct. App. 2002).

A determination of voluntariness does not turn "on the presence or the absence of a single controlling criterion." *Schneckloth*, 412 U.S. at 226. Factors to be considered include whether there were numerous officers involved in the confrontation, *Castellon v. United States*, 864 A.2d 141, 155 (D.C. 2004); *United States v. Jones*, 846 F.2d 358, 361 (6th Cir.1988); the location and conditions surrounding the consent, including whether it was at night, *United States v. Mapp*, 476 F.2d 67, 77-78 (2d Cir.1973); whether the police retained the individual's identification, *United*

4

*States v. Chemaly*, 741 F.2d 1346, 1353 (11th Cir.1984); whether the individual was free to leave, *Ohio v. Robinette*, 519 U.S. 33, 39-40 (1996); *Chemaly*, 741 F.2d at 1353; *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002); and whether the individual knew of his right to refuse consent, *Schneckloth*, 412 U.S. at 248-49; *Chemaly*, 741 F.2d at 1353; *State v. Jones*, 126 Idaho 791, 793, 890 P.2d 1214, 1216 (Ct. App. 1995). Although the presence of multiple police officers does not, standing alone, establish coercion, and there is no requirement that police inform the individual that he is free to leave or that he has a right to refuse consent, these factors are nevertheless relevant when viewing the totality of the circumstances. *See Robinette*, 519 U.S. at 39-40; *Schneckloth*, 412 U.S. at 248; *Jones*, 846 F.2d at 361; *Chemaly*, 741 F.2d at 1353; *Castellon*, 864 A.2d at 155; *Gutierrez*, 137 Idaho at 651, 51 P.3d at 465; *Jones*, 126 Idaho at 793, 890 P.2d at 1216.

Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *Hansen*, 138 Idaho at 796, 69 P.3d at 1057. Our standard of review requires we accept a trial court's factual findings unless they are clearly erroneous. *State v. Jaborra*, 143 Idaho 94, 97, 137 P.3d 481, 484 (Ct. App. 2006). The district court found the circumstances surrounding Officer Gilliam's request and Horn's consent were not coercive. Officers did not outnumber Horn and his companion, the patrol lights were not activated, and the parking lot was open to public view. The district court found Officer Gilliam was cordial, respectful, and he did not present as threatening. The district court also found Officer Gilliam did not strong-arm or cajole Horn into consenting. Lastly, the district court determined the fact that Officer Gilliam held Horn's identification was not dispositive of whether Horn voluntarily consented.

Horn argues the district court's factual finding that Horn voluntarily consented to the search was clearly erroneous under the totality of the circumstances because Officer Gilliam falsely implied that he had the legal authority to conduct a warrantless search, rendering Horn's consent involuntary. An officer's false, erroneous, or baseless assertion of legal authority to search weighs against a finding of voluntariness. *Bumper v. North Carolina*, 391 U.S. 543, 548-80 (1968); *State v. Smith*, 144 Idaho 482, 488-89, 163 P.3d 1194, 1200-01 (2007). Horn argues Officer Gilliam implied the Fourth Amendment waiver pursuant to parole would provide him legal authority to search Horn's car with or without Horn's consent.

5

There is substantial evidence in the record to support the district court's finding that Horn's consent was voluntary. Horn's argument rests on the assumption that Officer Gilliam erroneously implied he had legal authority to search Horn's vehicle without his consent. Officer Gilliam never implied or expressed legal authority to search. Officer Gilliam asked the companion, not Horn, whether he had signed a Fourth Amendment waiver. When the companion challenged Officer Gilliam by stating, "Well if you're just going to do it either way then . . . ." Officer Gilliam interrupts, "I'm just asking." It is at this time that Horn volunteered "I . . . I just don't . . . obviously you can . . . I just don't . . . ." At no point did Officer Gilliam say he could search Horn's vehicle without his consent. To repeat Officer Gilliam's words, he was "just asking." If Horn subjectively believed Officer Gilliam had legal authority to search his vehicle, it was because he knew something Officer Gilliam did not. In fact, any implication that Officer Gilliam had legal authority to search came from the companion based upon his response, "Well if you're just going to do it either way then . . . ." Officer Gilliam never agreed with this implication nor confirmed the assumption Officer Gilliam would search "either way." Tellingly, Horn's companion, to whom Officer Gilliam was directing his questions, refused to consent after the aforementioned exchange. Accordingly, Horn was not coerced into providing consent and his consent was voluntary. The district court did not err in denying Horn's motion to suppress.[2]

## IV.

## CONCLUSION

The district court had substantial evidence to find that Horn's consent to search his vehicle was voluntary. We affirm Horn's judgment of conviction for possession of controlled substances.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

---

[2] Because we affirm the district court's finding that Horn's consent was voluntary, we need not reach the State's alternative argument.