**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 31982**

STATE OF IDAHO,

        Plaintiff-Appellant,

v.

SHANNA LEE RECTOR,

        Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)

**2006 Opinion No. 64**

**Filed: September 21, 2006**

**Stephen W. Kenyon, Clerk**

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Monte B. Carlson, District Judge.

Order granting motion to suppress evidence, affirmed.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for appellant.  Lori A. Fleming argued.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for respondent.  Eric D. Fredericksen argued.

_____

LANSING, Judge

The State appeals from the district court's order granting a motion to suppress drug evidence.  We affirm.

**I.**

**FACTUAL & PROCEDURAL BACKGROUND**

The following facts are drawn from testimony at the suppression hearing, where the sole witness was a Cassia County deputy sheriff who participated in the search that led to the challenged evidence.  At 11 p.m. on a May evening, two Cassia County deputies were patrolling in the city of Burley when they observed Shanna Lee Rector walking in an alley.  She was walking in a direction headed away from an apartment where drug activity was suspected, but the deputies did not see Rector exit the apartment, and they had never seen Rector before this encounter.  The deputies stopped their unmarked vehicle and approached Rector on foot.  They

1

were in plain clothes, but both wore visible sidearms. They did not unholster their weapons. One deputy identified himself as a law enforcement officer and said "Hi, how are you doing?" Rector responded, "Do you have a search warrant?" The deputy "basically said I wanted to talk to her. I didn't think I needed a search warrant to talk to her." The deputy did not tell Rector that she must answer his questions or that she could not leave, but he also did not inform her that she could decline to respond or was free to leave.

Rector was compliant and her demeanor was non-threatening, but she acted nervous and defensive. According to the deputy's testimony, he began to ask "where she was coming from, where she was going to, that sort of thing, and shortly after that I checked her for weapons." Rector truthfully identified herself and said that she had been visiting her friend Dawn, which was the first name of the resident of the suspected drug apartment. The deputy decided to frisk Rector, apparently because she kept placing her hand in her pants pocket after being asked by the deputy not to do so. The only area of Rector's person patted down by the deputy was that same pocket, and no weapon was felt.

After the frisk, the deputy continued his interrogation of Rector, asking her again where she was coming from and inquiring where she was going and why she was walking. Rector asked permission to smoke, which the deputy granted, and Rector pulled a cigarette from her pocket. The deputy then asked her what else she had in the pocket, and Rector replied that she had some candies and some "miscellaneous stuff." The deputy asked to see the pocket's contents, whereupon Rector pulled out the candy and a bag of white powdery substance, which turned out to be methamphetamine.

Rector was arrested and charged with possession of a controlled substance, Idaho Code § 37-2732(c)(1). She moved to suppress the drugs and all of her subsequent statements, arguing that her Fourth Amendment rights were violated. The district court held that Rector was justifiably detained and lawfully frisked, but that her act of pulling the methamphetamine from her pocket was not voluntary and was the result of police coercion. The court therefore granted the suppression motion, holding that the methamphetamine had been discovered through an unlawful warrantless search. The State appeals.

## II.

## ANALYSIS

The State contends that the evidence should not have been suppressed because the entire encounter was consensual, including Rector's act of pulling the drugs from her pocket. Rector counters with arguments that she was unlawfully detained from the beginning of the encounter or, at the latest, when she was frisked; that the detention, even if initially lawful, was unlawfully extended; and that her act of disclosing the pocket's contents was not consensual. Because we affirm the district court's factual finding that Rector's act of pulling the drugs from her pocket was not voluntary, we do not address the remaining issues.

The applicable law has been recently set forth in *State v. Jaborra*, 143 Idaho 94, 97, 137 P.3d 481, 484 (Ct. App. 2006):

> The Fourth Amendment to the United States Constitution prohibits unreasonable searches. A search conducted by law enforcement officers without a warrant is per se unreasonable unless the State shows that it fell within one of the narrowly drawn exceptions to the warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *State v. Dominguez*, 137 Idaho 681, 683, 52 P.3d 325, 327 (Ct. App. 2002). A search conducted with consent that was voluntarily given is one such exception. *Schneckloth*, 412 U.S. at 219; *Dominguez*, 137 Idaho at 683, 52 P.3d at 327. It is the State's burden to prove, by a preponderance of the evidence, that the consent was voluntary rather than the result of duress or coercion, direct or implied. *Schneckloth*, 412 U.S. at 221; *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003); *State v. Fleenor*, 133 Idaho 552, 554, 989 P.2d 784, 786 (Ct. App. 1999); *Dominguez*, 137 Idaho at 683, 52 P.3d at 327. A voluntary decision is one that is "the product of an essentially free and unconstrained choice by its maker." *Schneckloth*, 412 U.S. at 225. *See also Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). An individual's consent is involuntary, on the other hand, "if his will has been overborne and his capacity for self-determination critically impaired." *Id.* In determining whether a subject's will was overborne in a particular case, the court must assess "the totality of all the surrounding circumstances--both the characteristics of the accused and the details of the interrogation." *Schneckloth*, 412 U.S. at 226. Thus, whether consent was granted voluntarily, or was a product of coercion, is a factual determination to be based upon the surrounding circumstances, accounting for subtly coercive police questions and the possibly vulnerable subjective state of the party granting the consent to a search. *Id.* at 229; *Hansen*, 138 Idaho at 796, 69 P.3d at 1057; *Dominguez*, 137 Idaho at 683, 52 P.2d at 327.
>
> A determination of voluntariness does not turn "on the presence or the absence of a single controlling criterion." *Schneckloth*, 412 U.S. at 226. Factors to be considered include whether there were numerous officers involved in the confrontation, *Castellon v. United States*, 864 A.2d 141, 155 (D.C. 2004); *United States v. Jones*, 846 F.2d 358, 361 (6th Cir. 1988); the location and conditions of

3

the consent, including whether it was at night, *United States v. Mapp*, 476 F.2d 67, 77-78 (2d Cir. 1973); whether the police retained the individual's identification, *United States v. Chemaly*, 741 F.2d 1346, 1353 (11th Cir. 1984); whether the individual was free to leave, *Ohio v. Robinette*, 519 U.S. 33, 39-40 (1996); *Chemaly*, 741 F.2d at 1353; *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002); and whether the individual knew of his right to refuse consent, *Schneckloth*, 412 U.S. at 248-49; *Chemaly*, 741 F.2d at 1353; *State v. Jones*, 126 Idaho 791, 793, 890 P.2d 1214, 1216 (Ct. App. 1995). Although the presence of multiple police officers does not, standing alone, establish coercion, and there is no requirement that police inform the individual that he is free to leave or that he has a right to refuse consent, these factors are nevertheless relevant when viewing the totality of the circumstances. *See Robinette*, 519 U.S. at 39-40; *Schneckloth*, 412 U.S. at 248; *Jones*, 846 F.2d at 361; *Chemaly*, 741 F.2d at 1353; *Castellon*, 864 A.2d at 155; *Gutierrez*, 137 Idaho at 651, 51 P.3d at 465; *Jones*, 126 Idaho at 793, 890 P.2d at 1216.

The trial court is the proper forum for the "careful sifting of the unique facts and circumstances of each case" necessary in determining voluntariness. *Schneckloth*, 412 U.S. at 233. Even though the evidence may be equivocal and somewhat in dispute, if the trial court's finding of fact is based on reasonable inferences that may be drawn from the record, it will not be disturbed on appeal. *State v. Post*, 98 Idaho 834, 837, 573 P.2d 153, 156 (1978), *overruled on other grounds, State v. Bottelson*, 102 Idaho 90, 625 P.2d 1093 (1981). In short, whether a consent to a search was voluntary is a question of fact, and our standard of review requires that we accept a trial court's factual findings unless they are clearly erroneous. *Hansen*, 138 Idaho at 795, 69 P.3d at 1056; *State v. McCall*, 135 Idaho 885, 886, 26 P.3d 1222, 1223 (2001). Findings will not be deemed clearly erroneous if they are supported by substantial evidence in the record. *State v. Benson*, 133 Idaho 152, 155, 983 P.2d 225, 228 (Ct. App. 1999).

Here, the district court found that Rector's act of pulling the methamphetamine from her pocket was not an act of free will but the product of coercive circumstances. The court identified several factors contributing to a coercive atmosphere, including the facts that Rector had been confronted by two armed officers at night and had been questioned, frisked, and then subjected to further questioning. The court also noted that by asking the deputies for permission to smoke, Rector had demonstrated that she did not consider the encounter to be consensual but rather considered herself to be under the control of the deputies.

The deputy's testimony at the suppression hearing provides substantial evidence supporting each of the district court's predicate factual findings. It additionally shows that Rector had evidenced an unwillingness to talk to the deputies by asking at the outset whether they had a search warrant, that Rector had not been informed of her right to refuse consent, and

that she had not been told that she was free to leave. These further facts add support to the district court's finding that Rector's disclosure of the contents of her pocket was not consensual.

The tenor of the district court's findings is that the deputies in this case acted in a subtly coercive manner. The district court, as the trier of fact, had "the opportunity to observe witnesses' demeanor, to assess their credibility, to detect prejudice or motive and to judge the character of the parties." *Doe v. Roe*, 133 Idaho 805, 809, 992 P.2d 1205, 1209 (1999) (quoting *In re Aragon*, 120 Idaho 606, 608, 818 P.2d 310, 312 (1991)). The district court's ultimate factual finding that Rector's act was involuntary is a reasonable inference garnered from the totality of the circumstances and is not clearly erroneous. Therefore, it will not be disturbed on appeal.

The district court's order suppressing evidence is affirmed.

Chief Judge PERRY and Judge GUTIERREZ **CONCUR.**