**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42636**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Opinion No. 70** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 30, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **WAYNE RAY FLOYD,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed.</u>

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Wayne Ray Floyd appeals from his judgment of conviction for possession of a controlled substance. Floyd contends that the district court erred by denying his motion to suppress evidence found in his home, arguing that his consent allowing police to enter his home was the product of coercion. For the reasons set forth below, we affirm.

Floyd and a companion were walking down a street near Floyd's home when they were contacted by police. During the ensuing discussion, the officer observed that Floyd and his companion were under the influence of marijuana. Both men admitted to smoking marijuana at Floyd's home. The officer promised that he would not arrest them if they would go to Floyd's home and get the drug paraphernalia. Floyd agreed. Upon reaching Floyd's home, Floyd and three officers entered the home and proceeded to Floyd's bedroom where he consented to a

1

search of the room. The search resulted in the discovery of methamphetamine and drug paraphernalia. Floyd was charged with possession of a controlled substance and manufacturing with intent to deliver paraphernalia. Floyd filed a motion to suppress the evidence, arguing that his consent to the police entry into his home was not voluntarily given. After a hearing, the district court denied Floyd's motion. Floyd pled guilty to one count of possession of a controlled substance, I.C. § 37-2732(c)(1), and preserved his right to challenge the denial of his suppression motion on appeal. The district court sentenced Floyd to a unified term of four years, with a minimum term of confinement of one year. The district court suspended execution of Floyd's sentence and placed him on probation for three years. Floyd appeals.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

On appeal, Floyd contends that the district court erred in denying his motion to suppress the evidence found in his bedroom. He argues that the police entry into his home was not exempted from the Fourth Amendment's warrant requirement under the consent exception because his consent was a product of coercion. Under a Fourth Amendment analysis, the question of whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003). In this case, the district court found that Floyd consented to allowing police entry into his home and consented to a search. However, despite hearing argument on the issue, the district court did not make findings of fact relating to whether Floyd's consent was voluntary. This Court has previously stated that the trial court is the proper forum for the careful sifting of the unique facts and circumstances of each case necessary in determining voluntariness. *State v. Garcia*, 143 Idaho 774, 778, 152 P.3d 645, 649 (Ct. App. 2006) (upholding a district court's finding of fact that consent was voluntary based on numerous

2

factors, including an officer's threat to arrest the defendant if he was not willing to hand over any marijuana he and a companion possessed).

Without findings of fact regarding Floyd's claim of coercion, this Court is somewhat hampered in its assessment of Floyd's appeal. *See, e.g.*, *State v. Morris*, 101 Idaho 120, 124, 609 P.2d 652, 656 (1980). However, in *State v. Kirkwood*, 111 Idaho 623, 726 P.2d 735 (1986), our Supreme Court reversed this Court's decision remanding a case to the trial court for findings of fact on a suppression motion. Where neither party has requested written findings under I.C.R. 12,[1] we should examine the record to determine implicit findings which would support the trial court's order and such implicit findings should be overturned only if not supported by substantial evidence. *See id*. at 625, 726 P.2d at 737. All presumptions favor the trial court's exercise of the power to weigh the evidence and draw factual inferences. *Id*. Accordingly, we are required to examine the record to determine whether there was substantial evidence to support the district court's implicit finding that Floyd's consent was voluntary. In conducting this review, we bear in mind that it is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

The evidence shows that an officer approached Floyd and his companion at night walking down a street that was not well lit. The officer activated the lights on the rear of his unmarked car, approached, and spoke to the two pedestrians. Another officer arrived thirty to forty seconds later as a cover officer but did not closely approach Floyd or speak to him. Both officers were in uniform and their weapons were visible but remained holstered. The officer questioned Floyd and determined that Floyd and his companion had been smoking marijuana at Floyd's home nearby. The officer told Floyd that the officer would not arrest Floyd for being an intoxicated pedestrian if he would accompany the officers to Floyd's residence to get his paraphernalia and

---

[1]      Former I.C.R. 12(d) permitted the parties to request written findings. Since *Kirkwood*, I.C.R. 12 was amended to require the trial court to state its essential findings on the record where factual issues are involved in determining a motion whether or not findings are requested by a party. *See* I.C.R. 12(f). We do not perceive that this amendment abrogated the *Kirkwood* holding.

that the officers would dispose of the paraphernalia. Floyd agreed and walked to his residence with the officers following behind in their cars. They entered Floyd's residence and Floyd told the officers where to find his paraphernalia. Floyd then consented to a search of his bedroom and the officers found methamphetamine.

There is no evidence in the record to suggest that the officers were confrontational at any point during the encounter or that Floyd was uncooperative. Floyd asserts that he was overcome by the officers' coercion when he allowed them to enter his home, but the record does not support that assertion. Floyd argues that this case is similar to *State v. Rector*, 144 Idaho 643, 167 P.3d 780 (Ct. App. 2006). In that case, Rector was walking alone in a dark alley away from an apartment where drug activity was suspected. She was approached by two officers in plain clothes with visible firearms. In response to the officer's questions, she asked if they had a warrant. She was subjected to a frisk for weapons after she kept putting her hand in her pants pocket after being asked not to do so. When she was granted permission to smoke, she took a cigarette from her pocket and one of the officers asked what else was in her pocket. She responded that she had candy and "miscellaneous stuff." The officer asked to see the pocket's contents and she complied revealing some methamphetamine. The trial court granted a motion to suppress and we affirmed. In affirming, we noted, as we do here, that the "trial court is the proper forum for the 'careful sifting of the unique facts and circumstances of each case necessary in determining voluntariness.'" *Rector*, 144 Idaho at 645, 167 P.3d at 782 (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 233 (1973)). We also cited to our familiar standard of review in cases of this kind requiring us to accept a trial court's findings unless they are clearly erroneous. There are some similarities between this case and *Rector*, but we are obligated to accept the district court's findings of fact unless they are clearly erroneous. Based upon the evidence in the record, we cannot say that the district court's implicit findings are clearly erroneous.

Floyd also argues that the officer's promise not to arrest Floyd undermined his ability to refuse to cooperate. In *Garcia*, 143 Idaho 774, 152 P.3d 645, we addressed a similar argument. There, the defendant was observed smoking marijuana in a campground with a group of other men. The officers approached and told the group that if they handed over their marijuana they would be cited, but if they did not they would be arrested. Garcia did not have any marijuana on his person but did admit to having brought a marijuana cigarette to the location and smoking it.

4

Garcia then consented to a search of his vehicle, which officers had observed him drive to the scene. A large amount of marijuana was found in the vehicle. Garcia filed a motion to suppress, arguing that his consent was coerced because he was faced with two unpleasant choices--consent to a search or risk of arrest. We held that an officer's implied or explicit offer not to arrest a suspect if he "turns over what he has" is not *ipso facto* coercive if it merely informs the suspect of the officer's intention to do something that is within the officer's authority based on the circumstances. *Id*. at 779-80, 152 P.3d at 650-51. To be sure, an officer's offer not to arrest is one factor that can be considered in determining whether a consent is voluntary but here, as in *Garcia*, other evidence does not point to coercion.

There is substantial evidence to support the district court's implicit finding that Floyd's consent to search was voluntary, and the district court did not err in denying Floyd's motion to suppress. Therefore, Floyd's judgment of conviction for possession of a controlled substance is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.