**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44468, 44469 & 44470**

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 553 |
| | ) |
| Plaintiff-Respondent, | ) Filed:  August 18, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| TYRELL C. ERLEBACH, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant, | ) BE CITED AS AUTHORITY |
| _____ | ) |
| STATE OF IDAHO, | ) |
| | ) |
| Plaintiff-Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| BRUCE ERLEBACH, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County.  Hon. Susan E. Weibe, District Judge.

Orders of dismissal without prejudice, <u>reversed</u> and <u>case remanded</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis Benjamin and Michael Bartlett, Boise, for appellant.  Dennis Benjamin, argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.  Kenneth K. Jorgensen, argued.

_____

HUSKEY, Judge

Tyrell C. Erlebach and Bruce Erlebach appeal from the district court's orders granting the defendants' motions to dismiss the indictments without prejudice.  Tyrell and Bruce argue the district court abused its discretion in two ways:  first, by failing to make requested findings of fact; second, by not dismissing the indictments with prejudice in light of the evidence of prosecutorial misconduct.  Because the district court abused its discretion when it failed to make

1

the requested findings of fact and failed to articulate why it dismissed the indictments without prejudice, we reverse the orders of dismissal without prejudice and remand these cases to the district court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The district court issued limited findings of fact in these cases, which we adopt on appeal. The factual findings exist only as to the underlying events in the cases, and not to their procedural history.

**A.      District Court's Findings of Fact for Tyrell Erlebach**

Police officers were dispatched to Tyrell's home after a disturbance. Tyrell shared the home with his girlfriend. Three of Tyrell's girlfriend's children also lived in the house, one of which was Tyrell's child. When officers arrived at the home, Tyrell was standing on the front porch wearing only underwear. Tyrell informed the officers that he had been attacked by his girlfriend's father, and the wife of the girlfriend's father had locked Tyrell out of the house. Tyrell's father, Bruce Erlebach, was also near the house.

Tyrell's girlfriend arrived at the house with a neighbor, a reserve police officer. Tyrell's girlfriend wanted Tyrell to leave and as a result, an officer approached Tyrell. The officer ordered Tyrell to put his hands behind his back, but gave no reason as to why. In the ensuing scuffle, Tryell was tased twice, less than five seconds apart, before he was handcuffed and arrested.

**B.      Procedural History for Tyrell Erlebach**

In an indictment, the State charged Tyrell with the following felony crimes: attempted rape, Idaho Code §§ 18-6101(4), 18-6104, 18-306; attempted strangulation, I.C. §§ 18-923, 18-112A; domestic battery involving traumatic injury in the presence of children, I.C. §§ 18-918(2)(A) and (B), 18-918(4); injury to children, I.C. § 18-1501(1); two counts of intimidating a witness, I.C. § 18-2604(3); aggravated battery, I.C. §§ 18-903(B) and/or (C), 18-907(1)(A); and two counts of battery upon certain personnel (police officer, peace officer, or sheriff), I.C. § 18-915(3).[1]

---

[1]      Prior to the indictment, the State charged Tyrell with ten felonies: attempted rape, Idaho Code §§ 18-6101(4), 18-6104, 18-306; attempted strangulation, I.C. §§ 18-923, 18-112A; battery upon certain personnel (police officer, peace officer, or sheriff), I.C. § 18-915(3); aggravated

2

Tyrell filed a motion to dismiss and suppress evidence, in which he argued the indictment violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution and Article I, §§ 13 and 17 of the Idaho Constitution, because he was denied the right to a fair grand jury proceeding. In that motion, Tyrell asked the court to suppress all evidence related to the violations and all statements elicited while in police custody. Tyrell also filed a motion to admit evidence as well as a memorandum in support of this motion. After a hearing on the motions,[2] the district court entered a written order granting Tyrell's motion to dismiss the indictment. The district court explained that one grand juror admitted bias and did not unequivocally give assurance that she could be impartial. The court concluded: "Because the Court has granted Tyrell's Motion to Dismiss the Indictment, the Court does not need to address the other pending motions at this time." Tyrell filed a motion to clarify the order, asking the court to specify whether the dismissal was with or without prejudice. The district court issued an order of dismissal without prejudice. Tyrell timely appeals.

C. **District Court's Findings of Fact for Bruce Erlebach**

Police officers were dispatched to Tyrell's home due to a domestic disturbance.[3] Tyrell is the son of Bruce. Bruce arrived at Tyrell's house after the officers had arrived. Immediately after officers tased Tyrell two times, Bruce punched an officer in the face.

D. **Procedural History for Bruce Erlebach**

In an indictment, the State charged Bruce with felony battery upon certain personnel (police officer, peace officer, or sheriff), I.C. § 18-915(3).[4] Bruce filed a motion to dismiss the

---

battery, I.C. §§ 18-903(B) and/or (C), 18-907(1)(A); two counts of intimidating a witness, I.C. § 18-2604(3); three counts of injury to children, I.C. § 18-1501(1); domestic battery involving traumatic injury in the presence of children, I.C. §§ 18-918(2)(A) and (B), 18-918(4).

No probable cause was found for the two counts of intimidating a witness and two counts of injury to children.

[2] At the hearing, the parties indicated Tyrell Erlebach and Bruce Erlebach would proceed with a joint trial.

[3] Tyrell and Bruce were involved in the same incident, which occurred at Tyrell's home in the early-morning hours of January 19, 2016.

[4] The State initially charged Bruce with felony battery upon certain personnel (police officer, peace officer, or sheriff), I.C. § 18-915(3), and misdemeanor battery on certain personnel, I.C. § 18-915(1)(B). However, it appears the misdemeanor charge was dropped.

indictment.[5] The district court granted Bruce's motion to dismiss the indictment. After Bruce filed a motion to clarify the order asking the court to specify whether the dismissal was with or without prejudice, the district court entered an order of dismissal without prejudice. Bruce timely appeals.

## II.

## STANDARD OF REVIEW

The decision to grant or deny a motion to dismiss an indictment based on irregularities in grand jury proceedings is reviewed for an abuse of discretion. *State v. Marsalis*, 151 Idaho 872, 875, 264 P.3d 979, 982 (Ct. App. 2011). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

## ANALYSIS

The Erlebachs appeal from the district court's orders of dismissal without prejudice. On appeal, Tyrell and Bruce consolidated their cases and filed joint briefs. The Erlebachs assert that the district court erred when it did not dismiss the cases with prejudice. Specifically, they argue that the district court "must have believed it did not have the discretion to dismiss the Indictments with prejudice" because the court explicitly cited Idaho Criminal Rule 48 rather than I.C.R. 6.7 in its orders of dismissal without prejudice. The Erlebachs argue the district court erred by failing to make requested findings of fact regarding the claims of prosecutorial misconduct in the case which they assert should have resulted in dismissal with prejudice.

The Erlebachs argue that under Idaho and federal case law, the supervisory power allows a district court to dismiss an indictment with prejudice. The State agrees that in some situations,

---

[5] It appears Bruce filed his own motion to dismiss the indictment, since this motion is reflected in the Register of Action. (May 11, 2016) However, the motion is not in the record on appeal.

the district court has the power to dismiss an indictment with prejudice. *See* I.C.R. 6.6.[6] The State submits the court correctly recognized it had the discretion to dismiss the case and also correctly recognized it could dismiss the case either with or without prejudice.

In this case, the district court was presented with the option to dismiss the indictments or not, and if choosing to dismiss, the court had the option to do so with or without prejudice.

Tyrell's[7] order of dismissal without prejudice stated:

> Pursuant to Rule 48 of the Idaho Criminal Rules, and based upon the Order entered on August 5, 2016 in the above-entitled case,
> IT IS HEREBY ORDERED that the above-entitled action is DISMISSED WITHOUT PREJUDICE. It is further ordered that the consolidated misdemeanors shall be remanded to magistrate court for further proceedings.

Bruce's order of dismissal was the same in relevant part and stated:

> Pursuant to Rule 48 of the Idaho Criminal Rules, and based upon the Order entered on August 5, 2016 in the above-entitled case,
> IT IS HEREBY ORDERED that the above-entitled action is DISMISSED WITHOUT PREJUDICE.

In 2016, Idaho Criminal Rule 12(f)[8] stated: "A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue. Where factual issues are involved in determining a motion, the court shall state its essential findings on the record." Thus, I.C.R. 12(f) requires the district court to make findings of fact where factual issues are involved in determining a motion. *See* I.C.R. 12(f); *State v. Floyd*, 159 Idaho 370, 372 n.1, 360 P.3d 379, 381 n.1 (Ct. App. 2015).

Here, the district court did not explicitly cite to the rule governing dismissal of indictments--I.C.R. 6.7. Thus, it appears the district court, while understanding it had discretion

---

[6] Effective July 1, 2017, Idaho Criminal Rule 6.7 was re-numbered as I.C.R. 6.6. The district court and the briefing on appeal reference I.C.R. 6.7. For consistency with the briefing, we cite to the 2016 version of the Idaho Court Rules and will cite to I.C.R. 6.7.

[7] In the district court's orders, the charges and facts are unique to Tyrell and Bruce. However, the orders contain identical language in their analysis and, therefore, issue the same ruling in Tyrell's and Bruce's cases.

[8] Idaho Criminal Rule 12(f) has been amended and re-numbered as I.C.R. 12(e), effective July 1, 2017. The rule is identical except "shall" has been replaced with "must." ("Where factual issues are involved in determining a motion, the court must state its essential findings on the record.") We have cited to the 2016 version of I.C.R. 12(f) for consistency with the briefing.

whether to dismiss the case by citing I.C.R. 48,[9] may not have recognized it had discretion to dismiss either individual charges or the entire case with prejudice. The district court did not provide the requested findings of fact pursuant to I.C.R. 12(f) or explain why the findings were omitted in its orders of dismissal without prejudice. Without any factual findings or reasonsing by the court, we cannot determine whether the court acted consistently with the relevant legal authority or reached its conclusion by an exercise of reason. Consequently, we remand this case to the district court.

Because we remand on this ground, we decline both the Erlebachs' and the State's invitations to review the evidence and make the relevant factual findings regarding the alleged prosecutorial misconduct claims. Instead, we leave it to the district court on remand to determine which factual findings it deems essential to its rulings pursuant to I.C.R. 12(f).

## IV.

## CONCLUSION

Because the district court did not appear to recognize it had the discretion to dismiss either individual charges or the entire case with prejudice, make the necessary findings of fact pursuant to I.C.R. 12(f), or provide any reasoning to explain why it dismissed the cases without prejudice, the district court erred. We reverse the orders of dismissal without prejudice and remand the cases to the district court for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge ProTem WALTERS **CONCUR**.

---

[9] Rule 48. Dismissal by the Court

(a) Dismissal on Motion and Notice. The court, on notice to all parties, may dismiss a criminal action on its own motion or on motion of any party on either of the following grounds:

(1) for unnecessary delay in presenting the charge to the grand jury or if an information is not filed within the time period prescribed by Rule 7(f), or for unnecessary delay in bringing the defendant to trial, or

(2) for any other reason if the court concludes that dismissal will serve the ends of justice and the effective administration of the court's business.

(b) Order of Dismissal. When a court dismisses a criminal action, the order of dismissal must state the court's reasons for dismissal.

(c) Effect of Dismissal. An order for dismissal is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony.