IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 46286 & 46287

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: November 8, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TERA LEE BAXTER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction for possession of marijuana in excess of three ounces and possession of drug paraphernalia, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Tera Lee Baxter appeals from the district court's judgment of conviction for possession of marijuana in excess of three ounces and possession of drug paraphernalia. Baxter asserts the district court erred in denying her motion to suppress because, given the totality of the circumstances, she did not voluntarily consent to the State's warrantless search of her bedroom in violation of the constitutions of the United States and Idaho. The State argues this Court should affirm the district court's judgment of conviction because Baxter fails to challenge any of the district court's factual findings. As alternative arguments, the State argues the totality of the circumstances indicate that Baxter voluntarily consented to the search and the evidence Baxter seeks to suppress would have been inevitably discovered during the execution of a valid search warrant.

Because the voluntariness of consent is a factual determination and the district court's finding is a reasonable inference from the totality of the circumstances, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts were found by the district court and are undisputed on appeal. Sometime after 8:45 p.m., Officer Davis responded to a dispatch call requesting a welfare check for Baxter's three children at Baxter's residence pursuant to a report of Baxter possibly engaging in drug sales inside the home. Before Officer Davis reached the front door of the residence, Baxter walked outside and engaged the officer in conversation. Officer Davis explained that he was responding to a request for a welfare check on Baxter's children because of possible drug sales occurring in the home. Officer Davis asked if he could enter "just to make sure that nothing like that is going on?" Baxter turned and walked into the front door of the house, leaving the door open behind her. Officer Davis followed her inside.

Several adults and children were present in the home. Officer Davis expressed that he smelled marijuana in the home and told Baxter she could consent to him removing the drugs from the residence or he could obtain a search warrant to facilitate that process. When some of the adults began to protest, Officer Davis asked for everyone present in the home to sit in the living room. Baxter attempted to revoke her consent for Officer Davis's presence stating, "I'm sorry officer, but can you step back out of my house now, please." Officer Davis refused and reiterated his order that everyone sit inside the living room. Baxter and Officer Davis engaged in a discussion about whether he was allowed to be in her home. When Baxter refused to sit, the confrontation escalated; Officer Davis asked Baxter to put her hands behind her back; Baxter tried to walk away; Officer Davis grabbed Baxter's arm; and Baxter ended up on the ground. The scene became chaotic and Officer Davis called for backup. Additional officers, including Corporal Schreiber, arrived immediately.

Upon arrival, Corporal Schreiber introduced himself to Baxter and asked if there was a place where they could talk away from the distractions; Baxter led him to the kitchen. Corporal Schreiber asked Baxter if she knew why the officers were there, and she expressed that she did. Baxter said, "Just because I like to smoke doesn't mean that I'm dealing," and she went on to describe her marijuana use including her frequency, methods, and reasons for use. Corporal Schreiber explained that possessing marijuana was illegal in Idaho and stated:

2

We have work to do and you want to get back to your evening. What it comes down to is once [Officer Davis] can smell the marijuana in the house--and all of us can--[Officer Davis] can restrict the movement of the people in the house and if he decides he wants to go get a search warrant he can . . . or you can give consent and we can take care of it that way.

Corporal Schreiber stated if Baxter possessed less than three ounces of marijuana, "it's just a ticket and we'll be on our way."

When Baxter asked for an attorney, Corporal Schreiber responded that she could not speak to one immediately. Corporal Schreiber assured Baxter that he was not going to take her children but reiterated her options concerning the search of her home and stated that Officer "Davis is adamant that he is willing to go get a search warrant. If you'd rather him do that, he will, or we can take care of this in about fifteen minutes."

Baxter asked Corporal Schreiber to ticket her for possession of marijuana. Corporal Schreiber stated that the officers would need to have the marijuana before issuing a ticket and asked Baxter where it was kept. Baxter told him that it was in her bedroom and Corporal Schreiber said, "If it's okay we can go into your room, we'll get what you've got, then we'll be done." Baxter replied, "I'll give you what I got." When Corporal Schreiber stated an officer would need to accompany her into the bedroom to retrieve the marijuana, Baxter asked if Corporal Schreiber would do it.

However, Baxter immediately expressed reservations. Voicing that she believed the officers were violating her rights, Baxter told Corporal Schreiber that she wanted additional time to think about it. Corporal Schreiber allowed Baxter to smoke a cigarette, and he accompanied her outside. Corporal Schreiber again pressed Baxter for permission to allow an officer into her bedroom to retrieve the marijuana. Eventually, Baxter consented, telling Corporal Schreiber, "I'll go with them."

Inside her bedroom, Baxter produced three jars of marijuana, pipes, and a vape pen. The officers inquired about the contents of a suitcase and a safe that were on Baxter's bed. Baxter denied possessing additional marijuana and, after the officers pressed her to open the suitcase and safe, Baxter revoked her consent for the officers to be in her bedroom. Officer Davis was granted a telephonic warrant to search the house, which resulted in over two pounds of marijuana and various pieces of paraphernalia being found.

The State charged Baxter with possession of marijuana, in violation of Idaho Code § 37-2732(e), a felony, and possession of drug paraphernalia, in violation of I.C. § 37-2734A(1), and

resisting or obstructing officers, in violation of I.C. § 18-705, both misdemeanors. At a preliminary hearing, the possession of marijuana charge was dismissed for lack of probable cause. The State re-filed the charge and, after probable cause was found, the cases were consolidated.

Baxter filed a motion to suppress all evidence and statements obtained by the officers, alleging, among other arguments, that the evidence was illegally obtained without a warrant or legal justification in violation of the constitutions of the United States and Idaho. The district court found that Baxter voluntarily consented to the entry and subsequent search of her home and denied the motion. Baxter entered a conditional guilty plea to felony possession of marijuana over three ounces and misdemeanor possession of drug paraphernalia, reserving her right to appeal the court's denial of her motion to suppress. The resisting or obstructing charge was dismissed. The district court withheld judgment and placed Baxter on probation. Baxter timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Baxter argues the totality of the circumstances demonstrates that her consent to search the bedroom was not voluntary and thus was in violation of the United States and Idaho Constitutions. The State contends this Court should affirm the judgment of the district court because Baxter's appeal fails to challenge any of the district court's factual findings. As alternative arguments, the State argues the totality of the circumstances indicates that Baxter

4

voluntarily consented to the search and the evidence Baxter seeks to suppress would have been inevitably discovered during the execution of a valid search warrant.

Baxter contends that both constitutions were violated. However, she provides no cogent reason why Article I, Section 17 of the Idaho Constitution should be applied differently than the Fourth Amendment to the United States Constitution in this case. Therefore, this Court will rely on judicial interpretation of the Fourth Amendment in its analysis of Baxter's claims. *See State v. Schaffer*, 133 Idaho 126, 130, 982 P.2d 961, 965 (Ct. App. 1999).

Although a warrantless entry or search of a residence is generally illegal and violative of the Fourth Amendment, such an entry or search may be rendered reasonable by an individual's consent. *State v. Johnson*, 110 Idaho 516, 522, 716 P.2d 1288, 1294 (1986); *State v. Abeyta*, 131 Idaho 704, 707, 963 P.2d 387, 390 (Ct. App. 1998). In such instances, the State has the burden of demonstrating consent by a preponderance of the evidence. *State v. Kilby*, 130 Idaho 747, 749, 947 P.2d 420, 422 (Ct. App. 1997). The State must show that consent was not the result of duress or coercion, either direct or implied. *Schneckloth v. Bustamonte*, 412 U.S. 218, 248 (1973); *State v. Whiteley*, 124 Idaho 261, 264, 858 P.2d 800, 803 (Ct. App. 1993). The voluntariness of an individual's consent is evaluated in light of all the circumstances. *Whiteley*, 124 Idaho at 264, 858 P.2d at 803. Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). Whether consent was granted voluntarily, or was a product of coercion, is a question of fact to be determined by all the surrounding circumstances. *State v. Hansen*, 138 Idaho 791, 796, 69 P.3d 1052, 1057 (2003).

In making the factual determination of whether consent was granted voluntarily, the court should assess the surrounding circumstances, "accounting for subtly coercive police questions and the possibly vulnerable subjective state of the party granting the consent to a search." *State v. Jaborra*, 143 Idaho 94, 97, 137 P.3d 481, 484 (Ct. App. 2006). When analyzing the surrounding circumstances, courts consider the number of officers involved in the confrontation, the location and conditions of the consent, whether the police retained the individual's identification, whether the individual was free to leave, and whether the individual knew of her right to refuse consent. *Id*.

Because making these determinations requires "careful sifting of the unique facts and circumstances of each case," the trial court is the proper forum to determine whether an

5

individual voluntarily consented to a search. *State v. Floyd*, 159 Idaho 370, 372, 360 P.3d 379, 381 (Ct. App. 2015). Therefore, on appeal the trial court's factual findings will be accepted unless they are clearly erroneous. *State v. Garcia*, 143 Idaho 774, 778-79, 152 P.3d 645, 649-50 (Ct. App. 2006). Evidence of voluntariness may be equivocal and somewhat in dispute. *Id*. But, "if the trial court's determination is based on reasonable inferences that may be drawn from the record, it will not be disturbed on appeal." *Id*.

Here, the district court determined that Baxter voluntarily consented to the search of her bedroom, finding:

> Prior to obtaining a warrant, Corporal Schreiber attempted to get consent from Baxter. When asked if she knew why they were there, Baxter said that she did and launched into great detail about her drug habits, admitting that she has marijuana in her room. Schreiber told Baxter that since they knew drugs were in the house, if she did not consent, they were going to get a warrant anyway. Baxter argues that Schrieber's comments that they "needed to get going" and "didn't have all night" precluded a free and unconstrained response. Baxter claims her consent was a product of final breakdown and submission to Schreiber's constant questioning. The Court disagrees.
> Although it is undisputed that she was not free to leave, Schreiber was cordial and relatively patient, allowing Baxter to talk freely about her drug use, go outside and smoke while she decided, and allowing her to say who could accompany her inside the bedroom. However, it is also undisputed that the officers saw other paraphernalia in plain view, smelled the marijuana, and Baxter consented. Schreiber gave Baxter a Hobson's choice -- to give up the drugs by consenting to a search or they would obtain a warrant. No doubt that Baxter faced a tough choice, but she chose to give up the drugs in her room freely and voluntarily. Threats of obtaining a warrant are not enough by themselves to amount to coercion.

The facts relied on by the district court are supported by footage from Corporal Schreiber's body camera, which provide substantial evidence for each of the court's factual findings. Baxter does not contest any of these findings. Instead Baxter argues this Court should re-consider the totality of the circumstances and find her consent to search the bedroom was not voluntarily given. However, because Baxter does not offer any specific factual challenge, the voluntariness of consent is a factual question properly determined by the district court, and the district court's determination that Baxter's consent was voluntary is a reasonable inference garnered from the totality of the circumstances, this Court will not disturb this finding on

appeal.[1]  Because we affirm the district court on this ground, we need not address the alternative grounds asserted by the State as bases for affirming the district court.

## IV.

## CONCLUSION

The district court's factual determination that Baxter voluntarily consented to the search of her bedroom is a reasonable inference from the totality of the circumstances.  Therefore, the district court's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD **CONCUR**.

---

[1]  On appeal, Baxter raises several facts that the district court did not explicitly find to support her conclusion that her consent was not voluntary, including specifics related to the chaotic scene between Officer Davis and Baxter, the number of officers at the scene, and Baxter's emotional state.  However, Baxter does not allege the district court erred by not making findings related to these specific circumstances.  Therefore, to the extent Baxter's inclusion of these facts demonstrates her desire to allege error, she provides no authority to support this claim.  A party waives an issue on appeal if either authority or argument is lacking.  *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).  Therefore, this Court will not consider these issues.