IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 50177

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

MEGAN JEAN JOHNSON,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: March 22, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Order denying motion to suppress and judgment of conviction, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

GRATTON, Chief Judge

Megan Jean Johnson appeals from the district court's denial of her motion to suppress. Johnson argues the district court erred by denying her motion to suppress because her statements to law enforcement were involuntary. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Following a report to law enforcement that checks written to Johnson had been deposited several times, a detective with the Kootenai County Sheriff's Office called Johnson. The detective left two messages asking Johnson to return his calls. Johnson called the detective a short time after the second message. The detective inquired about Johnson's employment and the source of the checks. Johnson explained the checks were connected to her employment which matched the detective's information. Johnson stated her bank account had been messed up and wondered if this was the reason for the call, which the detective confirmed.

1

Among other things, during the call, the detective stated he was not coming to arrest Johnson and that he would be upfront with her. On several occasions, the detective told Johnson that he wanted her to be honest with him. Johnson described photographing and depositing checks multiple times. Johnson claimed she had a gambling problem. After the call concluded, the detective prepared a report for the prosecutor's office. A summons was issued and sent to the address Johnson provided; however, Johnson no longer lived at that address. An arrest warrant was issued and, following Johnson's arrest, the State charged Johnson with grand theft, Idaho Code § 18-2407(1)(b)(1), misdemeanor destruction of evidence, I.C. § 18-2603, and forgery, I.C. § 18-3601.

Johnson filed a motion to suppress the statements made to the detective during the phone call. Johnson argued the statements were the result of coercive police conduct and the detective used implied promises and misleading statements to extract the confession. The district court denied the motion to suppress, concluding Johnson's statements were voluntary and not the result of coercive police conduct.

Johnson pled guilty to grand theft and misdemeanor destruction of evidence, and the State dismissed the forgery charge. Johnson reserved the right to appeal the denial of her suppression motion. Johnson appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). We will accept the trial court's findings of fact unless they are clearly erroneous. *State v. Gonzales*, 165 Idaho 667, 671, 450 P.3d 315, 319 (2019).

## ANALYSIS

Johnson argues that the district court erred by denying her motion to suppress. Specifically, Johnson contends the detective undermined her free will through implied promises and misleading statements that rendered her statements involuntary and coerced. The State argues the totality of the circumstances surrounding the phone conversation demonstrate the statements were not misleading or implied false promises.

The United States Supreme Court has recognized that a non-custodial interrogation might in some situations, by virtue of some special circumstance, be characterized as one where a defendant's confession was not given voluntarily. *State v. Stone*, 154 Idaho 949, 953, 303 P.3d 636, 640 (Ct. App. 2013); *see also State v. Troy*, 124 Idaho 211, 214, 858 P.2d 750, 753 (1993); *State v. Valero*, 153 Idaho 910, 911, 285 P.3d 1014, 1015 (Ct. App. 2012). In order to find a violation of a defendant's due process rights by virtue of an involuntary confession, coercive police conduct is necessary. *Valero*, 153 Idaho at 912, 285 P.3d at 1016. The State bears the burden to prove by a preponderance of the evidence that the defendant's statements were made voluntarily. *Id.*

In evaluating the voluntariness of statements made during a non-custodial interrogation, the proper inquiry is to look to the totality of the circumstances and then ask whether the defendant's will was overborne. *Id.* When considering the totality of the circumstances, the court must look to the characteristics of the accused and the details of the interrogation, including whether *Miranda*[1] warnings were given, the youth of the accused, the accused's level of education or intelligence, the length of detention, the repeated and prolonged nature of the questioning, and deprivation of food or sleep. *State v. Moore*, 170 Idaho 783, 795, 516 P.3d 1054, 1066 (2022). Deception or trickery does not automatically make a confession involuntary. *State v. Hays*, 159 Idaho 476, 485, 362 P.3d 551, 560 (Ct. App. 2015).

If the defendant's free will is undermined by threats or through direct or implied promises, then the statement is not voluntary and is inadmissible. *State v. Samuel*, 165 Idaho 746, 766, 452 P.3d 768, 788 (2019); *see also Stone*, 154 Idaho at 953, 303 P.3d at 640. Promises made by law enforcement officers without the authority to fulfill such promises may render a confession

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

involuntary. *Valero*, 153 Idaho at 915, 285 P.3d at 1019. On the other hand, vague assurances of leniency, not connected to a specific sentence or benefit, do not necessarily render a confession involuntary. *Stone*, 154 Idaho at 954, 303 P.3d at 641. If an officer represents that he has the authority to affect the charges brought against the defendant or promises leniency in return for the truth, a confession may be deemed involuntary. *State v. Smith*, 162 Idaho 878, 885, 406 P.3d 890, 897 (Ct. App. 2017). A mere representation of intent to inform a prosecutor of the defendant's cooperation, not connected to any promise of a specific benefit, is not an implied promise of leniency but is a significant factor in the totality analysis. *State v. Kysar*, 114 Idaho 457, 459, 757 P.2d 720, 722 (Ct. App. 1988). Law enforcement minimization of the seriousness of the crime is alone insufficient to support a finding of coerciveness but is a factor under the totality analysis. *Valero*, 153 Idaho at 915, 285 P.3d at 1019. We do not view voluntariness through a filter of technicality but focus on the meaning of words that would reasonably be ascribed. *Kysar*, 114 Idaho at 459, 757 P.2d at 722. Courts accept the police tactic of making misrepresentations concerning incriminating evidence to elicit confessions; however, that acceptance wanes when police misrepresent the law. *Smith*, 162 Idaho at 883, 406 P.3d at 895; *Valero*, 153 Idaho at 913, 285 P.3d at 1017.

During the approximately eighteen-minute conversation, the detective made several comments to Johnson:

> [A]ll I'm looking for is honesty, I'll put it to you plain and simple. Um. It can be resolved, it certainly can, the ball is completely in your court. But I am going to need you to be honest with me if we are going to go down that road, does that make sense?
> . . . .
> [A]nd again, I just want you to be honest with me. I don't want you to make up stuff, cause there's, I probably know a little bit more than you might think I do.
> . . . .
> I don't want you to be in trouble. I'm pretty sure a minute ago you were going to ask if you were going to jail.
> . . . .
> And again, honesty is all I'm looking for. If you are completely honest with me, I'm not coming to take you to jail, that is not my intent. I'm gonna put that right out there right now. If you are completely honest with me, I am not coming to arrest you. I am going to write up a report and send it down the road.
> . . . .
> But it's totally gonna be up to your cooperation how this goes and your *honesty* is gonna be the biggest factor in all of this.
> . . . .

So please elaborate why, and again, I'm just looking for honesty, not made up stories. [O]k. I'm not looking to come arrest you, I'm not going to come arrest you as long as you're being honest with me.

Johnson indicated she understood and proceeded to detail how she would save checks, photograph, and deposit them multiple times online. The detective asserted he had a copy of every check and that he appreciated Johnson being upfront. Continuing to question Johnson, the detective stated:

Nothing you tell me is going to hurt you at this point cause like I said I already know.
. . . .
I'm not coming to get you, but I need an address for paperwork. The courts are probably going to want to send you some paperwork for a court date if they want to pursue this case. . . . The prosecutor will decide if they want to pursue criminal charges or if not.

During the phone call, Johnson said she was scared to answer, that the conversation was scary, and that she did not want to be in trouble. The detective stated a summons might be sent at some later date and requested Johnson's address for service. "Nobody is coming to arrest you. The only reason I need your address is for paperwork service down the road." During this exchange, following her confession, the phone disconnected and Johnson called the detective back.

Johnson first takes issue with the detective stating that "It can be resolved, it certainly can, the ball is completely in your court." Johnson argued before the district court that the statement implied that the detective and Johnson could work things out without the need for criminal charges, if she was honest with him. Johnson asserts that this implied promise was made before the detective said that he would be writing up a report. However, the statement that the detective would be writing up a report and sending it down the road was made before Johnson confessed. The district court held, "Resolution does not necessarily mean dismissal," and the detective was "apparently telling the defendant that, at that time, his intention was to take defendant's statement for his police report as opposed to arresting her." We agree. The detective made no promise about resolving the case without anything further or the involvement of the legal system. The detective told Johnson that he would not be arresting her, but that he would be writing a report.

In *State v. Luke*, 134 Idaho 294, 297-98, 1 P.3d 795, 798-99 (2000), the Idaho Supreme Court concluded that a defendant's statement was not coerced by police conduct where the officer told the defendant: "If your cooperation is given to the prosecutor, he can pass it on to the judge and that can be in your favor or they may dismiss it." In *Smith*, 162 Idaho at 884-86, 406 P.3d at 896-98, the Court held that an officer's statements were not coercive where the officer told the

5

defendant that accepting responsibility "always helps" and "guarantee[d]" that the judge would not "com[e] down harder" on the defendant if he accepted responsibility. The implication here was not that Johnson's honesty would absolve the misconduct; rather, the detective stated he was not immediately arresting Johnson and that her cooperation would affect the investigation. After Johnson's confession, the detective stated he needed Johnson's address so the prosecutor could make a determination of charges and advised Johnson that additional action might follow. Although the inquiry elicited incriminating statements, the detective never implied Johnson's confession would not eventually lead to prosecution. *See Troy*, 124 Idaho at 216, 858 P.2d at 755 (Bistline, J., specially concurring) (agreeing confession voluntary because "in light of the rest of the interrogation, particularly [the detective's] later disclosures that he had no control over the prosecutor's actions, thereby implying that Troy could still be prosecuted"). In addition, the detective never misrepresented the law by asserting he was not coming to get Johnson because these were not implied promises that no action would be taken. *See State v. Floyd*, 159 Idaho 370, 374, 360 P.3d 379, 383 (Ct. App. 2015) (finding law enforcement's promise not to arrest did not undermine defendant's will but is a factor in determining voluntary consent); *State v. Garcia*, 143 Idaho 774, 778, 152 P.3d 645, 649 (Ct. App. 2006) (upholding district court's finding of fact that consent was voluntary because officer's implied or explicit offer not to arrest not *ipso facto* coercive if it merely informs the suspect of officer's intention to do something within the officer's authority).

Several other relevant factors weigh in favor of determining Johnson's statements were made voluntarily. The district court considered that the call was not prolonged, the detective's questions were not repetitive, Johnson was not of a young age, and Johnson could have ended the call at any time but did not and, when the call disconnected, Johnson called the detective back. The telephone call was cordial, and the detective did not badger Johnson with repetitive questions. The district court found that the detective's statements were not misleading. The district court concluded that Johnson's statements were voluntary and not the result of coercive police conduct. Under the totality of the circumstances, Johnson's free will was not overcome and she was not coerced into a confession. The district court did not err by denying Johnson's motion to suppress.

## IV.

## CONCLUSION

The district court did not err in denying Johnson's motion to suppress. Johnson's judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.