**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50006**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>JERRY LAMAR GOINES,<br><br>      Defendant-Appellant. | )<br>)  **Filed: November 15, 2024**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction for felony driving under the influence, resisting and/or obstructing an officer, and being a persistent violator, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Jerry Lamar Goines appeals from his judgment of conviction for felony driving under the influence (DUI), resisting and/or obstructing an officer, and being a persistent violator. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A concerned citizen observed a white vehicle cut across traffic on the Eagle Road I-84 off-ramp in Meridian, Idaho. The citizen followed the vehicle and called 911. The citizen observed the vehicle drive up to the median for several car lengths, bounce back off, and cut back to the right turn lane. The citizen followed the vehicle into a parking lot where he watched it move at a high rate of speed, run stop signs, and do a "donut." The citizen reported what he observed, including the vehicle's make and license plate number, to the 911 operator. The citizen told the 911 operator that he could not see the driver. He lost sight of the vehicle but located it a few

1

minutes later in another nearby parking lot. The citizen then saw a man outside the vehicle while it was still running with its lights on. He watched the man stumble and then get back into the vehicle. During the 911 call, the citizen described the individual driving the car as "definitely drunk," "crazy" and "completely out of it" and described the man who eventually exited the vehicle in the parking lot as "drunk out of his mind," "wasted," and not "knowing what he is doing."

A police officer arrived in the parking lot where the citizen followed the driver and watched him get out of and back into the vehicle. The officer approached the reported vehicle and identified the man as Goines. Goines was sitting in the driver's seat with the engine off and the key fob in his hand. The officer did not personally observe Goines driving or in physical control of his vehicle with the engine running or while the vehicle was moving.[1] The officer noticed a strong odor of an alcoholic beverage coming from Goines and that he had slurred speech, watery eyes, and lethargic movements. Suspecting that Goines was under the influence of alcohol, the officer asked Goines to exit the vehicle for field sobriety tests. Goines refused and was arrested for resisting and/or obstructing an officer.

Goines also refused to submit to a breath test, so the officer obtained a telephonic warrant for a blood draw. In his sworn telephonic application for the warrant, the officer told the warrant judge that "physical control was observed by [the citizen] who has a video of Jerry Goines in actual physical control or establishing actual physical control of the vehicle." The officer then went on to describe Goines driving as had been observed by the citizen and reported to the 911 operator. The officer then stated, "It has been approximately one hour since I last saw the suspect driving a motor vehicle." The officer's statements that the citizen had a video of Goines in actual physical control of a vehicle and that the officer had observed Goines in actual physical control of a vehicle were inaccurate. A warrant was issued, and a test of Goines' blood revealed a blood alcohol level above .08 percent. Goines was charged with felony DUI (I.C. §§ 18-8004 and 18-8005(9)), misdemeanor resisting or obstructing an officer (I.C. § 18-705), and being a persistent violator (I.C. § 19-2514).

---

[1]    It is unlawful to drive or be in actual physical control of a motor vehicle while under the influence of alcohol. "Actual physical control" is defined as "being in the driver's position with the motor running or with the motor vehicle moving." I.C. § 18-8004(5).

Goines filed a motion to suppress the evidence obtained by the blood draw, arguing that the officer's telephonic affidavit included incorrect and incomplete evidence leading the warrant judge to believe that the officer had seen Goines driving the vehicle. At a hearing on the motion to suppress, the officer explained that the inaccurate statements were the result of him reading from a form. The district court denied the motion and Goines was found guilty. He appeals, arguing that the district court erred when it denied his motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Goines argues that the district court was required to disregard the incorrect information presented to the warrant judge and then determine whether probable cause existed based upon the remaining evidence presented. Goines argues that, when the incorrect information is disregarded, there was no evidence presented to the warrant judge that Goines was in actual physical control of a vehicle--a necessary element of DUI--and that, therefore, there was no probable cause for the warrant and the motion to suppress should have been granted.

For a search warrant to be valid, it must be based upon probable cause. *State v. Nunez*, 138 Idaho 636, 642, 67 P.3d 831, 837 (2003). However, a search warrant may be void if the affidavit used to procure the warrant contains a knowingly and intentionally or recklessly false statement that is material to the probable cause determination. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Applying *Franks*, the Idaho Supreme Court has explained:

> The Court in *Franks* held that if the defendant in an evidentiary hearing establishes by a preponderance of the evidence that the false statement was included in the

3

warrant affidavit by the affiant knowingly and intentionally, or with reckless disregard for the truth, and with false information discarded, the remaining content of the affidavit is insufficient to establish probable cause, then "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

*State v. Lindner*, 100 Idaho 37, 41, 592 P.2d 852, 856 (1979) (quoting *Franks*, 438 U.S. at 156). However, a warrant is valid even if probable cause is based upon false evidence so long as the evidence is not presented intentionally or with reckless disregard for the truth. *State v. Fisher*, 140 Idaho 365, 93 P.3d 696 (2004). The rule in *Franks* also applies to deliberate or reckless omissions of information, such as exculpatory evidence, "which might cause a seemingly straightforward affidavit to mislead" a warrant judge. *State v. Guzman*, 122 Idaho 981, 983-84, 842 P.2d 660, 662-63 (1992). The first step in a *Franks* analysis considers whether the defendant has proved that the affidavit underlying the warrant contains a deliberate or recklessly false statement or omission. To establish the invalidity of a warrant, the defendant must prove, by a preponderance of the evidence, that the affiant knowingly and intentionally or recklessly falsified or omitted information from his affidavit. *Guzman*, 122 Idaho at 984, 842 P.2d at 663. A negligent or innocent misrepresentation, even if necessary to establish probable cause, will not invalidate a warrant. *Lindner*, 100 Idaho at 41, 592 P.2d at 856.

When a defendant alleges that officers provided false information to a warrant judge to obtain a warrant:

[T]he defendant has the burden of convincing the trial court that the information challenged in the affidavit was false and that the officers supplied the information either knowingly and intentionally or with reckless disregard for the truth. Unless the trial court committed clear error in reaching its findings as to those issues, we will affirm the motion to suppress.

*State v. Peightal*, 122 Idaho 5, 7, 830 P.2d 516, 518 (1992).

In ruling from the bench, the district court recognized that the burden of proof is on the defendant to show that the warrant is invalid by a preponderance of the evidence and that even reckless or intentional false statements are not sufficient to invalidate a warrant unless such statements are material to the warrant judge's ruling. The district court explicitly found that there was no evidence that the officer intentionally provided false information. The district court did not make an explicit finding regarding whether the false information was provided with reckless disregard for the truth. However, the district court's ruling is consistent with such a finding.

4

Without a specific statement by the trier of fact detailing what facts are found to be true and what conclusions of law are reached on a suppression motion, this Court is severely hampered in its assessment of defendant's appeal. *State v. Floyd*, 159 Idaho 370, 372, 360 P.3d 379, 381 (Ct. App. 2015). Where neither party has requested written findings under I.C.R. 12, we examine the record to determine implicit findings which would support the trial court's order and such implicit findings should be overturned only if not supported by substantial evidence. *Id.* All presumptions favor the trial court's exercise of the power to weigh the evidence and draw factual inferences. *Id.* Accordingly, we are required to examine the record to determine whether there was substantial evidence to support the district court's implicit findings. In conducting this review, we bear in mind that it is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991).

At the hearing on Goines' motion to suppress, the officer admitted that he did not interview the citizen and explained that the information provided by him to the warrant judge in the warrant application was based upon the officer's observations at the scene, his CAD[2] screen, and what he was told by another officer who responded to the scene and had talked to the citizen. The officer admitted that, if he had known the citizen had lost sight of the vehicle for a time, the officer would have included that in the information provided to the warrant judge court because it was exculpatory. The officer admitted that he had not personally observed Goines driving and that his statements made in the application were part of a form he was reading from. Explaining the form, in response to a question regarding whether he had made a false statement in the warrant application, the officer testified:

> Once again, it's a form. We fill it out. I was reading it verbatim. I didn't change the words in there, but throughout the whole thing, I made it clear that I had never observed [Goines] driving and that it was, you know [the citizen] that had told me that he had observed [Goines] driving.

---

[2] Computer Aided Dispatch.

The officer testified that the video he referred to in the application was possibly a reference to a video obtained by the other responding officer from store surveillance parking lot cameras.

The district court found that, "what was portrayed to the warrant judge was very clear, that it was not the officer who had observed a driving pattern or who had observed this vehicle operating." This finding is not clearly erroneous. At the outset of the application the officer informed the warrant judge that Goines' driving had been observed by the citizen. It is plain from the record that the district court considered and rejected the argument that the officer acted with reckless disregard for the truth. The district court ruled:

> One may make argument and take issue with the nature or the completeness of the investigation or maybe it went too quickly, I understand the reckless argument, but that [the officer] acted intentionally is not--does not give rise to that conclusion or even inference from the record.

It appears that the district court acknowledged that the evidence might have supported a conclusion that the officer's investigation prior to the warrant application was incomplete or perhaps conducted too quickly but the district court's ruling is only consistent with a finding that the misstatements and omissions were negligent, not reckless or intentional. Plainly, the district court credited the officer's testimony. The district court also recognized that at least some of the misstatements or omissions were not material because the warrant judge, having previously considered telephonic applications for search warrants, would have recognized that the officer was, as he testified, reading from a form; and the warrant judge was informed at the outset that it was the citizen, not the officer, who observed Goines driving.

Having examined the record, with all presumptions favoring the district court's exercise of the power to weigh the evidence and draw factual inferences, we conclude that the implicit finding of the district court that the officer did not act intentionally or with reckless disregard for the truth is supported by substantial evidence.

## IV.

## CONCLUSION

Goines has failed to show error in the district court's denial of his motion to suppress. Therefore, his judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

6